FILED
2025 Sep-29 AM 10:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HENRI N. BEAULIEU, JR.,** an individual, | * * * | |
| **Plaintiff,** | * * | |
| v. | * * | **CASE NO.: 2:25-cv-** |
| **SHELBY COUNTY, ALABAMA,** a political subdivision of the State of Alabama; | * * * * | |
| **Defendant.** | * | |

## COMPLAINT

COMES NOW the Plaintiff, Henri N. Beaulieu, Jr., by and through his undersigned counsel in the above-styled cause, and shows unto the Court as follows:

### I. Preliminary Statement

Plaintiff, Henri N. Beaulieu, Jr. ("Mr. Beaulieu") challenges Defendant, Shelby County, Alabama's ("Shelby County's") unconstitutional retaliation against him for exercising his First Amendment right to petition the government. After Mr. Beaulieu filed suit on June 8, 2025 to enforce provisions of Ala. Code §36-25A-1, et seq. (the Alabama Open Meetings Act ("OMA"))—in particular the requirement to vote prior to the expenditure of public funds in connection with legal representation of the County in federal litigation pending in this Court—he filed the OMA action in the Circuit Court of Shelby County, Alabama (*Henri N. Beaulieu, Jr. v. Shelby County, Alabama, et al.*, CV-2025-900553.00) to enforce transparency in County decision-making. Shelby County responded not with a defense on the merits but with a

knowingly unlawful counterclaim against Mr. Beaulieu (as well as his counsel) under Ala. Code §12-19-270 et seq. (the Alabama Litigation Accountability Act ("ALAA")). That counterclaim, impermissible under the ALAA as an independent cause of action, including in an OMA case, was designed solely to punish and deter Mr. Beaulieu from pursuing his legitimate claims for declaratory, injunctive, and damages relief under the OMA.

Shelby County's misuse of the ALAA was not an isolated incident. In a prior (still pending) state-court action filed by Shelby County on April 2, 2024—akin to a Strategic Lawsuit Against Public Participation ("SLAPP") suit—the County sued Mr. Beaulieu to silence his speech and petitioning in a separate matter before he could file his own suit for harm against Shelby County, for which he had provided a statutorily required Notice of Claim. In that SLAPP-type suit, the County had already invoked the ALAA against Mr. Beaulieu in an attempt to silence his protected petitioning activity, stating that his petitioning triggered and implicated the provisions of the ALAA. These repeated actions demonstrate an official policy and custom of weaponizing litigation tools to suppress dissent.

By deploying the ALAA as a retaliatory weapon, Shelby County crossed a constitutional line. The First Amendment forbids government entities from punishing citizens for petitioning their government. Yet, Shelby County has repeatedly done so, exposing Mr. Beaulieu to sanctions, attorney's fees, and litigation burdens with the specific intent to chill his speech.

Mr. Beaulieu brings this action under 42 U.S.C. §1983 to secure declaratory and injunctive relief, damages, and attorney's fees, and to hold Shelby County accountable for adopting and implementing a policy and custom of unconstitutional retaliation.

## II. Parties, Jurisdiction and Venue

1. Plaintiff, Henri N. Beaulieu, is an individual and resident of Shelby County, Alabama.

2. Defendant, Shelby County, Alabama is a political subdivision of the State of Alabama, governed by the Shelby County Commission. At all times material to this action, Shelby County acted under color of state law.

3. This is an action for the violation of rights secured by the First Amendment to the United States Constitution, brought pursuant to 42 U.S.C. §1983.

4. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343.

5. Venue is proper in this District under 28 U.S.C. §1391(b), as the events giving rise to the claims occurred in Shelby County, Alabama.

### III. Factual Allegations

6. On June 8, 2025, Mr. Beaulieu filed a civil action under the Alabama Open Meetings Act ("OMA"), Ala. Code §36-25A-1, et seq., alleging that Shelby County failed to take a public vote before expending funds to defend Commissioners and employees in ongoing litigation.

7. The OMA lawsuit constituted petitioning activity protected by the First Amendment.

8. On or about June 17, 2025, Shelby County filed a responsive pleading styled as a Motion to Challenge Service on the Defendants in the case and 'asserting' "Counter Claims Against the Plaintiff and Plaintiff's Counsel Under the Alabama Litigation Accountability Act," asserting that Mr. Beaulieu's OMA lawsuit was frivolous and sanctionable (see Copy of Motion and Assert[ion] of Counterclaims attached hereto as Exhibit "A"). To be clear, Shelby County's filing was not a motion requesting permission or leave to assert a counterclaim against Mr. Beaulieu and his counsel, but rather a knowing and wrongful invocation of the ALAA intended to retaliate against, intimidate, punish, and chill Mr. Beaulieu's exercise of his First Amendment

rights, both personally and through his counsel. See also Mr. Beaulieu's OMA complaint attached hereto as Exhibit "B," setting out the underlying Open Meetings Act claims and the public-vote requirement forming the basis of this action.

9. By filing an ALAA counterclaim—despite the statute providing no authority for use of the AALA as an independent claim or counterclaim at the outset of litigation—Shelby County knowingly and in bad faith abused the statute and the judicial process as a retaliatory weapon, framing Mr. Beaulieu's OMA lawsuit as frivolous and sanctionable for the deliberate purpose of chilling and punishing his exercise of First Amendment rights to petition for redress through the courts.

10. Shelby County's ALAA counterclaim exposed Mr. Beaulieu to the risk of attorney's fees and costs, with the purpose and effect of chilling Mr. Beaulieu's protected speech.

11. Shelby County later admitted that it had not taken a public vote and that it had expended public funds by paying toward a $100,000 retention/deductible under its insurance policy(ies). These admissions confirmed the validity of Mr. Beaulieu's OMA claims and further establish that Shelby County's ALAA counterclaim was not grounded in law or fact, but was filed to punish Mr. Beaulieu for exercising his First Amendment rights to petition for redress.

12. In a separate SLAPP-type suit filed by Shelby County in Shelby County Circuit Court, styled *Shelby County, AL v. Henri Beaulieu*, Case No.: CV-2024-900381.00, Shelby County alleged that Mr. Beaulieu's protected petitioning communications to the County Commission and others invoked the ALAA, even though Mr. Beaulieu had not filed any litigation against Shelby County. The invocation of the ALAA in response to pre-suit communications was entirely improper and beyond the statute's scope, and was undertaken to

chill Mr. Beaulieu's protected speech. That action remains pending, further evidencing Shelby County's continuing policy and practice of retaliation.

13. By invoking the ALAA against Mr. Beaulieu's petitioning and speech to seek redress both under the OMA and in anticipation of prior legitimate litigation against Shelby County for harms, Shelby County demonstrated its willingness to weaponize the statute as a preemptive threat to chill Mr. Beaulieu's protected petitioning activity.

14. Shelby County has twice deployed the Alabama Litigation Accountability Act ("ALAA") as a weapon to deter and punish constitutionally protected activity. In its 2024 state-court "SLAPP" complaint, the County alleged that Mr. Beaulieu's efforts to petition for noise-related relief "trigger and implicate the provisions of the ALAA," even though the Act is merely a post-judgment fee-shifting mechanism and provides no independent cause of action. The County expressly asserted that Mr. Beaulieu's December 22, 2023 notice letter, his continued requests for noise abatement, and his stated intent to sue County Commissioners individually each trigger and implicate the provisions of the ALAA. By embedding these statements within a live complaint—as if the Act supplied substantive liability—the County used the statute not to seek post-judgment fees but to threaten financial penalties as a means of silencing petitioning activity.

15. The same tactic re-emerged when the County asserted an ALAA counterclaim in the later Open Meetings Act case. This pattern establishes that Shelby County has adopted a deliberate policy or custom of invoking the ALAA as a litigation cudgel to chill speech and deter access to the courts. Under Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), such a sustained, officially sanctioned practice—initiated and

ratified by final policymakers—constitutes County policy. The County's calculated use of an inapplicable state fee-shifting statute as a stand-alone "claim" is evidence of intentional retaliation and of a municipal policy to punish and intimidate those, like Mr. Beaulieu, who exercise First Amendment rights to speak and to petition for redress.

16. Shelby County's repeated use of the ALAA—first in the SLAPP action and again as a counterclaim in the OMA litigation—establishes a pattern and practice of deploying the statute as a retaliatory tool rather than as a lawful remedy.

17. Shelby County's conduct parallels the retaliatory policy condemned in <u>Lozman v. City of Riviera Beach</u>, 585 U.S. 115 (2018), where a municipality repeatedly used arrests to retaliate against a critic's protected petitioning. Here, rather than arrests, Shelby County repeatedly invoked and filed ALAA claims and counterclaims to punish Mr. Beaulieu's protected petitioning activity. The repeated pattern of litigation-based retaliation demonstrates that Shelby County adopted an unconstitutional policy to chill Mr. Beaulieu's exercise of his First Amendment rights.

18. This repeated pattern and practice demonstrates that Shelby County's unconstitutional retaliation is not an isolated occurrence, but a systemic infection within its governance. By weaponizing the ALAA repeatedly against protected petitioning, Shelby County has institutionalized a retaliatory custom that deters Mr. Beaulieu and others of ordinary firmness from pursuing valid legal claims against the County.

## <u>Count I — First Amendment Retaliation (42 U.S.C. § 1983)</u>

19. Mr. Beaulieu engaged in protected speech and petitioning activity by filing the OMA enforcement lawsuit against Shelby County.

20. In direct response, Shelby County filed an ALAA counterclaim against him, asserting that Mr. Beaulieu's lawsuit was frivolous and seeking sanctions and attorney's fees.

21. Filing the ALAA counterclaim was not a legitimate defense; it was a retaliatory act intended to chill Mr. Beaulieu's exercise of his First Amendment rights.

22. The ALAA counterclaim constituted an adverse action that would deter a person of ordinary firmness from continuing to exercise constitutional rights. See Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005) (adopting "ordinary firmness" standard).

23. The costs, burdens, and risks of litigation created by Shelby County's ALAA counterclaim were designed to punish Mr. Beaulieu for exercising his rights and to deter him from pursuing his OMA claim. The Supreme Court has recognized that litigation burdens can themselves chill protected speech. Counterman v. Colorado, 600 U.S. 66, 74 (2023).

24. There is a causal connection between Mr. Beaulieu's protected petitioning activity and the ALAA counterclaim, as the counterclaim was filed solely because Mr. Beaulieu exercised his constitutional rights.

25. As a direct result of Shelby County's retaliatory conduct, Mr. Beaulieu has suffered harm. Even absent compensatory damages, Mr. Beaulieu seeks an award of nominal damages for the violation of his constitutional rights.

26. Mr. Beaulieu seeks compensatory, nominal, declaratory, and injunctive relief, as well as attorney's fees under 42 U.S.C. §1988 and costs.

## Count II — Monell Liability (42 U.S.C. § 1983)

27. Shelby County filed an ALAA counterclaim against Mr. Beaulieu in the OMA action, asserting frivolousness and seeking sanctions and attorney's fees.

28. Shelby County had previously invoked the ALAA against Mr. Beaulieu in a separate state-court SLAPP-type lawsuit, alleging that Mr. Beaulieu's pre-suit communications "triggered and implicated" the ALAA before any lawsuit had been filed.

29. These two separate uses of the ALAA—first in the SLAPP lawsuit and again in the OMA counterclaim—establish a policy and custom of misusing the statute as a retaliatory weapon to chill Mr. Beaulieu's protected petitioning.

30. In addition, the OMA counterclaim was filed in Shelby County's name, and such a pleading could only have been authorized by the County's final policymakers, whether through direct action of the Commission, the County Manager, or other delegated litigation authority for the County acting under color of state law. The filing therefore constituted an act of official County policy.

31. Unlike a private litigant, Shelby County is a governmental entity bound by the First Amendment. It may not use its official powers to punish or deter citizens for engaging in protected petitioning activity by filing retaliatory counterclaims.

32. The County's repeated use of ALAA sanctions against Mr. Beaulieu's petitioning parallels the unconstitutional retaliatory scheme recognized in Lozman v. City of Riviera Beach, 585 U.S. 115 (2018). Just as repeated arrests in *Lozman* reflected an official policy of retaliation, Shelby County's repeated ALAA assertions and filings—aimed at Mr. Beaulieu's legitimate communications and litigation to seek redress and governmental accountability—reflect its own official policy and custom of retaliating against protected petitioning. Shelby County's ALAA lawsuits, brought as pretextual claims (i.e., false charges), are not legitimate defenses or efforts to recover fees; rather, Shelby County's intent is to punish Mr. Beaulieu for petitioning, through

court or otherwise.

33.  Including Mr. Beaulieu's counsel in the ALAA counterclaim was a calculated and intentional act to intimidate his attorney and obstruct his access to the courts—conduct tantamount to threatening a prosecutor in a criminal case in order to halt a prosecution—thereby striking at the core of the First Amendment right to petition the government for redress of grievances.

34.  Filing and pursuing lawsuits in court is a recognized and protected form of petitioning activity under the First Amendment.

35.  By engaging in this conduct, Shelby County adopted and implemented an unconstitutional policy and custom that deprived Mr. Beaulieu of his First Amendment rights.

36.  As a direct and proximate result of Shelby County's policy and custom, Mr. Beaulieu's First Amendment rights were violated by the County's deliberate practice of filing and threatening ALAA claims to punish and deter his protected petitioning activity.

37.  Mr. Beaulieu seeks compensatory, nominal, declaratory, and injunctive relief, as well as attorney's fees under 42 U.S.C. §1988 and costs.

### **Prayer for Relief**

Plaintiff respectfully requests that this Court:

A)  Enter a declaratory judgment that Shelby County's filing of ALAA counterclaims in the OMA litigation violated Plaintiff's First Amendment rights;

B)  Issue a permanent injunction prohibiting Shelby County from filing ALAA counterclaims in retaliation against Mr. Beaulieu's protected petitioning activity;

C)  Award compensatory damages in an amount to be determined by the jury;

D)  Award nominal damages for the violation of Plaintiff's constitutional rights;

E)  Award attorney's fees and costs under 42 U.S.C. § 1988; and

F)  Grant such other relief as the Court deems just and proper.

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

**Henri N. Beaulieu, Jr.**

### Verification

I,  Henri N. Beaulieu, Jr., declare under penalty of perjury under the laws of the United States of America that the foregoing statements made in this pleading are true and correct to the best of my knowledge, information, and belief.

**Henri N. Beaulieu, Jr.**

STATE OF ALABAMA)
COUNTY OF SHELBY)

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared, **Henri N. Beaulieu, Jr.**, who is known to me, and, after being first duly sworn by me, deposes and says that the foregoing is true and correct to the best of his knowledge, information and belief.

Sworn to and subscribed before me this ___28th___ day of September, 2025.

Notary Public    MCE ' 01 / 09 / 28

Respectfully Submitted,

Donna J. Beaulieu
Attorney at Law/Counsel for Plaintiff

By: _Donna J. Beaulieu_
Donna J. Beaulieu (BEA042)

Page 10 of  11

P.O. Box 88
Pelham, Alabama 35124
Tel.: 205-773-9588
Email: donnabeaulieu@gmail.com

Defendant to be Served via Certified Mail:
Shelby County, Alabama
c/o its Chief Executive Officer
Shelby County Administration Building
200 West College St., Rm. 123
Columbiana, AL 35051