IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HENRI N. BEAULIEU, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:25-cv-01657-JHE |
| | ) |
| **SHELBY COUNTY, ALABAMA,** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION TO DISMISS

Defendant Shelby County, Alabama moves to dismiss all claims. Plaintiff fails to plead sufficiently any retaliatory First Amendment violation under 42 U.S.C. § 1983. Plaintiff also fails to allege that any County policy violates his First Amendment rights, so his claim under *Monell* should be dismissed. Both claims should be dismissed under Rule 12(b)(6) for failure to state a claim for which relief can be granted.

### INTRODUCTION AND BACKGROUND

There is quite a history of litigation between the parties leading to the current lawsuit. This is the sixth lawsuit involving substantially the same parties— the fifth lawsuit filed by Plaintiff—stemming from the lawful operation of the Shelby County Airport. The allegations and legal theories asserted by Plaintiff in the various actions he has filed may differ. But they all stem from the fact that after

the Shelby County Airport first began operations, he and his counsel (his wife) began to reside on property less than 1.5 miles from the airport. And they are bothered by the noise of airplanes.

On April 2, 2024, Shelby County sought a preliminary injunction in the Circuit Court for Shelby County (the Shelby County State Court Suit) to cease Plaintiff's interference with the lawful and normal operation of the Shelby County Airport. (Shelby County State Court Suit Complaint, attached hereto as Exhibit A).[1] That case is pending before Judge Patrick Kennedy. Shelby County alleged that Plaintiff had threatened to file multiple lawsuits in contravention of longstanding state and federal precedent, and that said threatened lawsuits may implicate liability for Plaintiff under the Alabama Litigation Accountability Act (ALAA). Shelby County has not asserted a claim under the ALAA in that action. Plaintiff attempted, unsuccessfully, to remove the Shelby County State Court Suit to federal court, but Judge Manasco remanded that action back to Judge Kennedy.

Plaintiff then began a campaign of vexatious and harassing litigation against Shelby County clogging up the state and federal courts in Alabama. Those include the following litigation:

---

[1] The Court may take judicial notice of pleadings and orders from another lawsuit without converting a motion to dismiss to a motion for summary judgment. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010). These pleadings and orders are considered "public records that [are] 'not subject to reasonable dispute' because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" *Id.* (quoting FED. R. EVID. 201(b)).

2

1. *Beaulieu v. Shelby County, et al.*, filed on October 6, 2024, and pending in USDC ND AL as Case No. 2:24-cv-01361-MHH before Judge Madeline Haikala (the Federal Airport Suit). The gist of that action is to assert Section 1983 and *Monell* claims against the County for initiating the Shelby County State Court Suit. Plaintiff has also sought emergency injunctive relief against the County and private vendors and pilots for allegedly engaging in flight patterns intended to harass Mr. Beaulieu and his counsel. Judge Haikala denied the requested "emergency" cessation of flight operations. That decision is on appeal before the Eleventh Circuit.

2. *Beaulieu v. Shelby County, et al.*, filed on June 8, 2025, and pending in Shelby County Circuit Court as Case No. 58-CV-2025-900553 before Judge William Bostick (the Open Meetings Act Suit). The gist of that action is alleged violation of the Alabama Open Meetings Act premised on Plaintiff's allegation that Shelby County should have conducted a vote at a public hearing to engage counsel to defend the airport litigation initiated by Mr. Beaulieu through his wife/counsel. It is that action in which Shelby County asserted a counterclaim under the ALAA which is a factual predicate for the claims asserted in this current action. Judge Bostick denied Plaintiff's requested relief in an order entered October 1, 2025, and presently has withheld ruling on the ALAA violations pending appeal.

3. *Beaulieu v. Shelby County, et al.*, filed on September 8, 2025, and pending in Shelby County Circuit Court as Case No. 58-CV-2025-900898 before Judge Patrick Kennedy (the State Airport Suit). The gist of that action is the simple repackaging of the claims asserted in the case pending before Judge Haikala as state, rather than federal, claims. All defendants have filed motions to dismiss in that action, and most non-County defendants have moved for sanctions under the ALAA.

4. *Beaulieu v. Shelby County, et al.*, filed on September 28, 2025, and pending in USDC ND AL as Case No. 2:25-cv-01657-JHE, this action. The gist of this action is to assert Section 1983 and *Monell* claims premised on Shelby County alleging in the Shelby County State Court Suit that Plaintiff's threats of litigation (which have now been actualized) present ALAA implications, followed by Shelby County actually asserting a counterclaim under the ALAA in the Open Meetings Act Suit pending before Judge Bostick.

5. *USA ex rel. Beaulieu v. Shelby County, et al.*, pending in USDC ND AL as Case No. 2:25-cv-00297-GMB before Judge Gray Borden (the Federal FCA

3

Suit). The gist of that action is a False Claims Act claim. That action was initiated on February 5, 2025, under seal and unbeknownst to the County. The gist of that action is that the County allegedly should not receive federal grant money to operate the airport and is misusing federal funds. After review of Plaintiff's evidence, the United States government declined to participate in the action, and it was unsealed on November 5, 2025.

Mr. Beaulieu filed his first lawsuit, the Federal Airport Suit, before Judge Haikala six months after the Shelby County State Court Suit was initiated. He asserted therein claims under 42 U.S.C. § 1983, alleging the County, Commission, Commissioners, and County Officials (County Defendants), and other private actors conspired to violate his First Amendment rights in retaliation for voicing complaints about operation of the Shelby County airport. The County Defendants moved to dismiss the Federal Airport Suit since they are compulsory counterclaims to the claims asserted by Shelby County in Shelby County State Court Suit.

Judge Haikala dismissed the private actor defendants and allowed Plaintiff to amend his complaint. The County Defendants then moved to dismiss Plaintiff's Amended Complaint, as the claims alleged were still compulsory counterclaims to the claims asserted by Shelby County in the Shelby County State Court Suit. Judge Haikala imposed a stay in the Federal Airport Suit pending resolution of the pending motions and reprimanded Plaintiff for continuing to file documents and contact individuals in violation of the stay. In response, Plaintiff then filed the State Airport Suit in Shelby County, a parallel action to the Federal Airport Suit pending before Judge Haikala. The State Airport Suit is the second suit pending before

4

Judge Patrick Kennedy (in addition to the Shelby County State Court Suit), and it essentially repackages the Federal Airport Suit's claims under federal law into state law claims. Both suits are still pending on Motions to Dismiss.[2]

Additionally, Plaintiff filed the Federal FCA Suit, a *qui tam* action under the False Claims Act in February 2025 against the County, which was unsealed on November 5.

In April 2025, during the course of the Federal Airport Suit pending before Judge Haikala, Plaintiff's counsel emailed counsel for the Shelby County Defendants and asked: "Additionally, did your clients last night during the meeting vote for individual representation (nine times individually)? I need to know immediately, due to potential Open Meetings Act and ethics violations, if they did not in connection with [the Federal Airport Suit pending before Judge Haikala]." (Open Meetings Act Suit, Defendant's Supplemental Initial Response and Response in Opposition to Plaintiff's Motion for Judgment on the Pleadings (Doc. 131, pp. 3-4, attached hereto as Exhibit B). Counsel for the County Defendants responded in an email, "As to the representation of my clients, our firm was

---

[2] That "repackaged" lawsuit is in contravention of Judge Haikala's stay order and a part of Plaintiff's continued effort to avoid bringing compulsory counterclaims in the Shelby County State Court Suit. The County Defendants again moved to dismiss on the basis that Plaintiff's claims were compulsory counterclaims to the Shelby County State Court Suit and that the "repackaged" State Airport Suit violates Alabama Code Section 6-5-440, which prohibits a plaintiff from prosecuting two actions in Alabama courts at for the same cause and against the same parties. That motion to dismiss remains pending.

retained to defend them by the County's insurance carrier. That is not subject to a vote during a commission meeting." (Exhibit B at p. 4).

Plaintiff then filed the Open Meetings Act Suit against the County, its Commission, and Commissioners and County Officers on June 8, 2025, alleging a violation of the Open Meetings Act notwithstanding that Plaintiff had been notified no vote was necessary (Doc. 1-2). The County Defendants responded by challenging service and moved to assert a claim under the Alabama Litigation Accountability Act, Alabama Code Section 12-19-271, because Plaintiff's claims were groundless in both fact and in law. (Doc. 1-1 at pp. 5-6, ¶ 12). The Shelby County Circuit Court (Judge Bostick) held an Initial Hearing as required under the Open Meetings Act, on August 14, 2025.

On October 1, Judge Bostick entered a final order that 1) Plaintiff could not establish standing; 2) Plaintiff did not establish that a public vote was required on the use of the benefit of legal representation from the County's insurance policies; and 3) the County proved that it voted on the procurement of the insurance policies in the first instance, as well as applicable premium and retention payments. The court reserved ruling on the County's ALAA claim. (State Open Meetings Act Suit, Order (Doc 185, pp. 2-3, attached hereto as Exhibit C).

Just weeks after the hearing, and before Judge Bostick entered his order, Plaintiff filed this action on September 28, 2025. (Doc. 1). Plaintiff alleges that the

County retaliated against him and infringed upon his First Amendment rights by requesting attorneys' fees and costs under the ALAA, in violation of 42 U.S.C. § 1983. Additionally, Plaintiff alleges the mention of the ALAA in the Shelby County State Court Suit and subsequent ALAA claim asserted by the County in the Open Meetings Act Suit constitutes a "policy" of violating constitutional rights, thus creating *Monell* liability under 42 U.S.C. § 1983.

Plaintiff's claims in this action are a continuation of Plaintiff's crusade against the County and its lawful operation of the Shelby County Airport. Plaintiff knew or should have known his claims in the Open Meetings Act Suit were groundless in both fact and law, but he continues to file frivolous litigation with the goal of increasing litigation costs for the County. This action is his most recent attempt to prevent the County from potentially recovering attorneys' fees and costs incurred as a result of a plethora of frivolous lawsuits. Plaintiff's Complaint in this action should be dismissed because he fails to state a claim upon which relief can be granted.

## ARGUMENT

To withstand a Rule 12(b)(6) motion to dismiss the complaint must "state a claim to relief that is plausible on its face," meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

5201194_1

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept well-pleaded factual allegations as true and view those allegations in the light most favorable to the plaintiff. Conclusory allegations and legal conclusions do not receive that deference. *Bishop v. Ross Earle & Bonan, P. A.*, 817 F.3d 1268, 1270 (11th Cir. 2016).

Plaintiff fails to plead sufficiently to meet this standard. Plaintiff does not allege that the County lacked a reasonable belief that its ALAA claim would succeed to satisfy the "probable cause" requirement in civil enforcement actions by a government. Thus, Plaintiff's Section 1983 First Amendment Retaliation claim fails. Plaintiff also fails to allege an existing custom or policy under *Monell,* so that claim fails also.

I.      **Plaintiff Fails to State a Claim for First Amendment Retaliation.**

Plaintiff alleges in this action that the County filed an ALAA claim against him in his Open Meetings Act Suit before Judge Bostick that was "not a legitimate defense; it was a retaliatory act intended to chill Mr. Beaulieu's exercise of his First Amendment rights." (Doc. 1 at p. 7, ¶ 21). He alleges that "the [ALAA claim] was filed solely because Mr. Beaulieu exercised his constitutional right." (Doc. 1 at p. 7, ¶ 24). That characterization is inaccurate, because the County had probable cause to initiate the Shelby County State Court Suit against Mr. Beaulieu to cease

his harassment of County officials and airport tenants over the County's lawful operation of the Shelby County Airport.

> A. **The County Had Probable Cause to Assert a Claim Under the ALAA in the Open Meetings Act Suit Which Defeats the First Amendment Retaliation Claim.**

First Amendment retaliation claims under Section 1983 are defeated where probable cause exists. *DeMartini v. Town of Gulf Stream*, 942 F. 3d 1277, 1304 (11th Cir. 2019). This "strikes the proper balance between protecting a plaintiff's important First Amendment rights while, at the same time, ensuring that the [defendant] has a similar ability to access the courts to protect itself and its citizens from non-meritorious litigation." *Id.* at 1306. This principle is "particularly [sic] apt when the alleged retaliatory civil litigation by the government is itself taken as a reasonable response to the plaintiff's own litigation, *or threat of litigation*, against the government." *Id.* at 1304. (emphasis added). "Just as a citizen may have a right to sue the government, the government likewise has the right, and duty, to engage in legitimate responsive litigation to defend itself against such challenges." *Id.* at 1304.

"Probable cause to institute civil proceedings requires no more than a reasonabl[e] belie[f] that there is a chance that a claim may be held valid upon adjudication." *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 62–63 (1993) (alterations in original) (quoting Restatement (Second) of

9

Torts § 675, cmt. E (Am. Law Inst. 1977)). "[I]t is not necessary to show that the instigator of a lawsuit was certain of the outcome of the proceeding, but rather that he had a *reasonable belief*, based on the facts and circumstances known to him, in the validity of the claim." *Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1211 (11th Cir. 2010) (quotation marks omitted, emphasis added). This standard, which requires less certainty than probable cause as used in the criminal context, is "not a high bar to meet." *Id*. at 1218.

In *DeMartini*, a town initiated a civil RICO action against a law firm and a citizenship group alleging a scheme to extract settlements from the town by orchestrating several public records requests and initiating lawsuits related to those requests. The civil RICO action was dismissed for failure to state a claim. Thereafter, a defendant in the RICO action sued the town for First Amendment retaliation under Section 1983, alleging the civil RICO action constituted unlawful retaliation for filing public records requests. The town's civil RICO action had been dismissed, but the court nevertheless determined the town had probable cause to file the suit. *DeMartini*, 942 F.3d at 1303. The court further held this probable cause defeated the First Amendment retaliation claim under Section 1983. *Id.* at 1309.

Here, Mr. Beaulieu alleges First Amendment retaliation under Section 1983 based on a counterclaim the County asserted under the ALAA in the Open

5201194_1

Meetings Act Suit he improperly initiated before Judge Bostick. Plaintiff knew or should have known that a public vote was not required more than a month before he filed the Open Meetings Act Suit—because the County's counsel informed him in writing that counsel had been retained by the County's insurance carrier to defend the various actions asserted by Plaintiff, such that a public vote was not necessary.

The County thus "[had] a reasonable belief" in the validity of its ALAA claim to satisfy *DeMartini*. The County was aware at the time it asserted the ALAA counterclaim that Plaintiff had been apprised that no public vote was necessary, such that his complaint was groundless in both fact and law. And the County's case is even stronger than that of the town in *DeMartini* because in that case, the town's civil RICO action had been dismissed on a motion to dismiss. Here, Judge Bostick has ruled that Plaintiff's Open Meetings Act claims lack merit, which may support an eventual finding that Plaintiff violated the ALAA in bringing the action. Thus, Plaintiff cannot satisfy the requirement of the lack of probable cause as required to sustain a First Amendment retaliation claim.

**B.     Plaintiff's Actions in the OMA Suit constitute a Violation of the ALAA.**

Plaintiff mischaracterizes the County's purpose for asserting a counterclaim under the ALAA in the Open Meetings Act Suit Plaintiff initiated. The County simply asserted a claim for attorneys' fees and costs based on Plaintiff initiating

litigation that had no substantial justification in law or fact. The ALAA allows a court to assess attorneys' fees and costs against any attorney or party that has brought an action a court deems "without substantial justification." ALA. CODE § 12-19-272. The phrase "without substantial justification" is defined as a claim that is "frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation." ALA. CODE § 12-19-271(1).

The assertion of an ALAA claim is not a constitutional violation. The Alabama Court of Civil Appeals has already determined that a constitutional challenge to the ALAA is without merit. *McArdle v. Bromfield*, 540 So. 2d 91, 93 (Ala. Civ. App. 1989). In *McArdle*, the Alabama Court of Civil Appeals noted that the ALAA "does nothing more than allow the courts of this state to maintain control over proceedings conducted before them." *Id.* The ALAA "merely allows courts to assess reasonable attorneys' fees and costs against any attorney or party who has brought a civil action that the court in its discretion determines is without justification." *Id.* There is nothing in the ALAA prohibiting a governmental entity from attempting to recover attorneys' fees and costs under the statute, so long as the claim was filed "without substantial justification." *See Schweiger v. Town of Hurtsboro*, 68 So. 3d 181 (Ala. Civ. App. 2011).

At the time Plaintiff filed the Open Meetings Act Suit, he had been made aware his claim lacked factual or legal support. The basis for Plaintiff's Open Meetings Act Suit—that the County did not publicly vote to defend against other litigation Plaintiff filed against it—had already been disproven through emails with the County's counsel months before Plaintiff lodged his complaint. Plaintiff filed suit anyway and failed to provide any case law to refute the County's prior explanation that no vote was required. (Doc. 1-1).

Judge Bostick then determined that Plaintiff "failed to establish by any legal authority that a public vote is required to approve the defense of the County, the County Commissioners, and County employees in lawsuits in which the County is a defendant and the defenses are provided by counsel retained by the County's insurers pursuant to insurance policies procured by the County." (Exhibit C at p. 2). Judge Bostick found that the County showed "by competent evidence that the County Commission held public votes to approve the County Budgets procuring the relevant insurance policies." (*Id.*). He also noted that the County proved public votes were conducted to approve payment of the insurance premiums for the policies at issue and the retention amounts paid pursuant to those policies. (*Id.*). Thus, no Open Meetings Act violation occurred. (*Id.*).

In sum, Judge Bostick's order confirms what Plaintiff knew or should have known to be true in April 2025, months before filing the Open Meetings Act Suit: a

13

public vote is not necessary to approve the retention of defense counsel under an insurance policy issued to the County, especially when procurement of the policy had already been approved by public vote. Regardless, Plaintiff filed a groundless suit anyway and required the County to incur additional legal expenses.

The Open Meetings Act Suit also can be considered frivolous and vexatious, when viewed against the backdrop of all other vexatious litigations Plaintiff has initiated against the County and various third parties. Plaintiff has initiated no less than five currently pending lawsuits against Shelby County and a combination of other public and private defendants in both state and federal court. Many of those actions are repetitive and premised on the same set of facts, and have resulted in needless costly litigation, only because Plaintiff voluntarily chose to live within 1.5 miles of an airport.

The ALAA is akin to Rule 11 of the Federal Rules of Civil Procedure. The ALAA was enacted as a deterrent for parties and attorneys who file actions that are "frivolous, groundless in fact or in law, or vexatious, *or interposed for any improper purpose*, including without limitation, *to cause unnecessary delay or needless increase in the cost of litigation*, as determined by the court." ALA. CODE § 12-19-271 (emphasis added). Similarly, Rule 11(b) requires an attorney to certify that their filing "is not being presented for any *improper purpose,* such as to harass,

5201194_1

*cause unnecessary delay, or needlessly increase the cost of litigation*." FED. R. CIV. P. 11(b)(1) (emphasis added).

The purpose of Rule 11 and the ALAA is not to burden rights. "There is little doubt that Rule 11 is reasonably necessary to maintain the integrity of the system of federal practice and procedure, and that any effect on substantive rights is incidental*.*" *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, *Inc.*, 498 U.S. 533, 552 (1991). Plaintiff cannot properly construe a claim under the ALAA as a "retaliatory" act—it is meant to deter baseless litigation. For these reasons, this Court should dismiss Plaintiff's First Amendment retaliation claim.

## II.     Plaintiff Cannot Establish *Monell* Liability.

If the County's ALAA claim could be considered First Amendment retaliation—which it cannot—*Monell* liability is still lacking here. "*Monell* liability requires: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F. 3d 1283, 1289 (11th Cir. 2004). Demonstrating a single, isolated constitutional violation does not suffice to demonstrate a custom or practice." *Torres-Bonilla v. City of Sweetwater*, 805 F. App'x 839, 840 (11th Cir. 2020) (citing *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823–24 (1985)). The use of the ALAA is constitutional, as it is meant to deter baseless litigation. Thus, Plaintiff

fails to allege that his rights were violated simply by virtue of the County asserting a single ALAA claim.

Even if Plaintiff *had* sufficiently alleged a "policy" of discrimination, "where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *Tuttle*, 471 U.S at 824. Shelby County's assertion of an ALAA counterclaim to recover costs incurred defending non-meritorious litigation cannot be construed as an unconstitutional policy. It is not considered retaliatory for a government to engage in a legitimate response in its quest to defend itself from litigation. *DeMartini*, 942 F. 3d at 1304. Thus, there can be no "policy" of indifference to Plaintiff's rights resulting in a constitutional violation when Plaintiff's constitutional rights have not been violated. Plaintiff is merely subjected to the legitimate, statutorily prescribed consequences that result from filing baseless litigation. Because this alleged "policy" is constitutional, Plaintiff needs "considerably more proof than a single incident" under *Monell*. *Tuttle*, 471 U.S at 824. Plaintiff fails to provide such proof.

At best, Plaintiff is the subject of a single ALAA claim. *Monell* liability is only appropriate when proof of a single incident "includes proof that it was caused by an existing unconstitutional municipal policy, which policy can be attributed to

a municipal policymaker." *Schmelz v. Monroe Cty.*, 954 F. 2d 1540, 1544 (11th Cir. 1992) (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985)). "[A] single instance of unconstitutional behavior cannot establish proof of the policy itself." *Martin v. City of Macon Georgia*, 702 F. App'x 941, 944 (11th Cir. 2017).

Plaintiff has not established a policy that interferes with his constitutional rights exists. Plaintiff attempts to construe the County's references to the potential ALAA implications in the Shelby County State Court Suit complaint, followed by the assertion of an ALAA claim in responding to the Open Meetings Act Suit Plaintiff initiated, as evidence of "an official policy and custom of weaponizing litigation tools to suppress dissent." (Doc. 1 at p. 2). Plaintiff offers mere conjecture that a policy exists because the ALAA has been mentioned twice throughout his course of dealings with the County. The Court is not required to accept conclusory allegations: "plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecommunications*, 372 F. 3d 1250, 1263 (11th Cir. 2004). Plaintiff failed to substantiate his allegations that a "policy" exists sufficient to invoke liability under *Monell*.

Plaintiff also fails to provide context for the County's mentions of the ALAA in the Shelby County State Court Suit. In that action, the County alleged that

17

"[Plaintiff] knows or should know" that the County is preempted by federal law from regulating noise, "and yet, [Plaintiff] persists, without justification, in demanding that [the County] do what it cannot legally do, which triggers and implicates the provisions of the [ALAA]." (Exhibit A at p. 3, ¶10). The County also alleged the Plaintiff knows or should know the County cannot abate the alleged nuisance of which Plaintiff complained in prior correspondence, which also implicates Plaintiff's exposure to sanctions under the ALAA. (Exhibit A at p. 3, ¶11). Finally, the County alleged that Plaintiff had threatened to sue the "Commissioners in their individual capacities when he knows or should know that such suits are prohibited" under Alabama law, which also implicates his exposure to sanctions under the ALAA. (Exhibit A at p. 4, ¶ 12).

Shelby County did not assert an ALAA claim in the Shelby County State Court Suit Complaint. It requested that Plaintiff be enjoined from interfering with the lawful operations of the airport. And in addition, the County simply put Plaintiff on notice that his prior threats of vexatious and non-meritorious litigation may come to roost. And here we are, five lawsuits later.

No additional act took place that establishes a County "policy" of using the ALAA—without justification—against litigants. Plaintiff cannot prove a constitutional violation that occurred, let alone a pattern of such violations that constitute a policy. Thus, Plaintiff's *Monell* claim is due to be dismissed.

## CONCLUSION

WHEREFORE, Shelby County requests this Court grant its Motion to Dismiss all claims. Plaintiff fails to allege a lack of probable cause sufficient to sustain his First Amendment retaliation claim under Section 1983. Plaintiff fails to allege any policy that resulted in a violation of his constitutional rights, thus Plaintiff's claim under *Monell* is due to be dismissed.

Respectfully submitted,

/s/ Michelle L. Crunk
Stephen E. Whitehead     (ASB-2282-T68S)
Michelle L. Crunk        (ASB-2967-i71C)
Erin B. Sullivan         (ASB-1584-J17G)
*Attorneys for Defendants Shelby County, Alabama, Shelby County Commission, Kevin Morris, Tommy Edwards, Jon Parker, Ward Williams, Elwyn Bearden, Jeff Brumlow, Lindsey Allison, Rick Shepherd, Robbie Hayes, Chad Scroggins, and Terry Franklin*

**OF COUNSEL:**
**LLOYD GRAY WHITEHEAD & MONROE, P.C.**
880 Montclair Road, Suite 100
Birmingham, AL 35213
Telephone: (205) 967-8822
steve@lgwmlaw.com
mcrunk@lgwmlaw.com
esullivan@lgwmlaw.com

5201194_1

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of December, 2025, I caused the foregoing document to be served upon the below parties via CM/ECF:

Donna J. Beaulieu
Attorney at Law
PO Box 357
Saginaw, AL 35137
Telephone:  (205) 987-8787
donnabeaulieu@gmail.com

                                           /s/ Michelle L. Crunk
                                           Of Counsel