# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **HENRI N. BEAULIEU, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:25-cv-01657-AMM |
| | ) |
| **SHELBY COUNTY, ALABAMA,** | ) |
| | ) |
| **Defendant.** | ) |

## SHELBY COUNTY'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Defendant Shelby County, Alabama ("the County") replies to Plaintiff's Response in Opposition to the County's Motion to Dismiss (Doc. 19) as follows:

## INTRODUCTION

Plaintiff mischaracterizes the County's Motion to Dismiss as an attack on the factual allegations pled in the Complaint, which the Court is compelled to accept as true at this juncture. What the County actually challenges are Plaintiff's conclusory allegations and legal conclusions, which do not receive that deference. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016).

In his Complaint in this suit, Plaintiff alleges the County retaliated against him and infringed upon his First Amendment rights by requesting attorneys' fees and costs under the ALAA, in violation of 42 U.S.C. § 1983. Plaintiff also alleges the mention of the ALAA in the Shelby County State Court Suit and subsequent

ALAA claim asserted by the County in the Open Meetings Act Suit constitutes a "policy" of violating constitutional rights, thus creating "*Monell* liability" under 42 U.S.C. § 1983. In his Response to the County's Motion to Dismiss, Plaintiff alleges, for the first time, that the decision to use the ALAA against him was done by a final policymaker, thus creating *Monell* liability for the County's singular use of the ALAA. (Doc. 19).

Although Plaintiff's allegations and arguments have shifted from his original complaint, Plaintiff still fails to show that his pleading can withstand a Motion to Dismiss under Rule 12(b)(6). Plaintiff also fundamentally misrepresents multiple portions of the ALAA in an attempt to find some wrongdoing in the County's use of the ALAA. Plaintiff's deficiencies under Rule 12(b)(6) and Plaintiff's misrepresentations of the ALAA are addressed in turn.

## ARGUMENT

**I.     Plaintiff's Claims Fail Under the 12(b)(6) Standard.**

    **A.     Plaintiff's First Amendment Retaliation Claim Fails to State a Claim Upon Which Relief Can be Granted.**

To state a claim for First Amendment Retaliation, a Plaintiff must show: "(1) speech or activity protected by the First Amendment, (2) an adverse action, and (3) a causal connection between the protected speech or activity and the adverse action" *Warren v. DeSantis*, 631 F. Supp. 3d 1188 (2022). Plaintiff simply assumes that the filing of an ALAA counterclaim is an "adverse action" against his frivolous

lawsuit is a violation of his First Amendment rights. Plaintiff cites *Bennett v. Hendrix*, 423 F. 3d 1247 (11th Cir. 2005) and *Counterman v. Colorado*, 600 U.S. 66 (2023) to support this proposition, stating that the threat of a "financial penalty" against both Plaintiff and his wife/counsel constitutes retaliation. (Doc. 19 at p. 7, ¶ 17).

Plaintiff misrepresents the holding of *Counterman.* First, *Counterman* pertained to a criminal case and hinged on whether Colorado's treatment of its threatening communications statute violated the First Amendment. Second, the concern about "self-censorship" due to a potential expense and legal entanglement was discussed within the context of defamation, true threats, and obscenity. *Counterman*, 600 U.S. at 76-77. *Counterman* does not stand for Plaintiff's proposition that he may harass a government with frivolous lawsuits without facing a statutory penalty for such conduct. The Supreme Court has clearly held that "baseless litigation is not immunized by the First Amendment right to petition." *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743 (1983). And as explained in the County's Motion to Dismiss, a sanction that arises from such baseless litigation is "necessary to maintain the integrity" of the courts, and "any effect on substantive rights is incidental." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1991).

Second, Plaintiff's citations to *Bennet v. Hendrix* do not substantiate his contention that a request for sanctions within the course of frivolous litigation is an adverse action in violation of his First Amendment rights. *Bennett* determined that the defendant law enforcement officers had "followed, pulled over, cited, intimidated, or otherwise harassed the plaintiffs." *Bennett*, 423 F. 3d at 1254. The defendants had also, among other things, "attempted to obtain arrest warrants against the plaintiffs without probable cause, and produced and mailed to Forsyth County residents flyers depicting the plaintiffs as criminals terrorizing the county." *Id.* at 1254-55. No case law, however, bars a government from requesting sanctions throughout the course of litigation to recover fees and costs incurred from defending against a frivolous lawsuit. And that is precisely what the County has done: the County informed Plaintiff his suit was groundless, he filed suit anyway, and the County has requested to recover fees and costs it incurred from defending against the litigation Plaintiff knew was meritless at the time of filing.

In sum, Plaintiff cannot complain that his First Amendment rights have been violated because there is no First Amendment right to file baseless litigation. *Bill Johnson's Restaurants, Inc.*, 461 U.S. at 743 (1983). It follows, then, that Plaintiff cannot sufficiently allege the County's ALAA claim in response to such baseless litigation constitutes retaliation against his First Amendment rights—because no such right exists.

Moreover, as the County argued in its Motion to Dismiss, the "presence of probable cause will generally defeat a § 1983 First Amendment retaliation claim based on a civil lawsuit as a matter of law … particularly … when the alleged retaliatory civil ligation by the government is itself taken as a reasonable response to the plaintiff's own litigation, or threat of litigation, against the government. Just as a citizen may have the right to sue the government, the government likewise has the right, and duty, to engage in legitimate responsive litigation to defend itself against such challenges." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1304 (11th Cir. 2019) (internal citations omitted).

The County has a right, and duty, to defend itself from non-meritorious litigation. *DeMartini*, 942 F. 3d at 1304. The County used the tool available to it— the ALAA—to defend itself from the non-meritorious litigation Plaintiff filed after being provided notice, prior to filing, that his claim under the Open Meetings Act was unfounded. Plaintiff attempts to distract this Court by shifting his attention in his Reply to the County's eventual success in defending against the Open Meetings Act Suit. (Doc. 19 at p. 15, ¶ 36). Plaintiff further argues that the *DeMartini* standard "focuses on the information available at the time of the challenged filing—not later-developed explanations." (*Id.*) The County does not need such "later-developed explanations" to show it had probable cause, because the County knew at the time of filing its ALAA claim that it had already informed Plaintiff's

5

counsel that a suit premised on the County's use of its insurance policy to have legal representation was groundless, and thus that Plaintiff's Open Meetings Act Suit was frivolous. (Doc. 9 at pp. 5-6; Doc. 9-2 at p. 5).

Rather than address the deficiencies in his Complaint, Plaintiff attempts to compare his case to *Lozman v. Riviera Beach*, 585 U.S. 87 (2018). Notably, the Court assumed the plaintiff in *Lozman* was arrested pursuant to an official policy, but did not decide whether an actual policy existed, in determining whether First Amendment retaliation had occurred. *Lozman*, 585 U.S. at 95. As explained below, Plaintiff fails to allege a "policy" that would warrant the assumption given to the plaintiff in *Lozman*, which was given because the plaintiff had "objective evidence" of a policy motivated by retaliation, as he had a transcript of a closed-door meeting where a Councilmember stated that the City should use its resources to "intimidate" Lozman and others who filed lawsuits against the City. *DeMartini*, 942 F.3d at 1294.

Plaintiff also fails to explain how *DeMartini* is distinct from this case. Plaintiff relies on his mischaracterization of the ALAA, addressed *infra*, to allege the County retaliated against him. However, Plaintiff has completely failed to address *DeMartini*'s holding that a government "has the right, and duty, to engage in legitimate responsive litigation to defend itself against such challenges." *DeMartini*, 942 F. 3d at 1304. Plaintiff has failed to provide factual allegations to

6

substantiate his claim that the County did anything more than defend itself against frivolous litigation through its use of the ALAA. Plaintiff also has failed to explain how the "proper balance between protecting a plaintiff's important First Amendment rights" and "ensuring that the [defendant] has a similar ability to access the courts to protect itself and its citizens from non-meritorious litigation" tips in his favor. *Id.* at 1306. As stated in the County's Motion to Dismiss, this principle is "particularly [sic] apt when the alleged retaliatory civil litigation by the government is itself taken as a reasonable response to the plaintiff's own litigation, or threat of litigation, against the government." *Id.* at 1304.

Simply put, the presence of probable cause defeats a retaliation claim. Because the County had probable cause to assert a claim for fees under the ALAA, Plaintiff fails to state a retaliation claim upon which relief can be granted.

**B.    Plaintiff's *Monell* Claim Also Fails to State a Claim Upon Which Relief Can be Granted.**

Plaintiff's claim under *Monell* also fails because he fails to state a claim for which relief can be granted. To survive the County's Motion to Dismiss, Plaintiff pivots away from his initial argument that the mention and eventual use of the ALAA constitute an "unconstitutional policy to chill Mr. Beaulieu's exercise of his First Amendment rights." (Doc. 1 at p. 6, ¶ 17); *see also* (Doc. 1 at p. 9, ¶ 35). Rather than address the argument that the County did not adopt a "policy" through a lone ALAA claim—presumably because he cannot do so—Plaintiff now argues

that he has satisfied *Monell* under the theory of "final policymaker" liability. (Doc. 19 at p. 22, ¶ 51).

However, Plaintiff still fails to address the actual deficiency in his pleading. Plaintiff fails to assert a constitutional violation. And there can be no *Monell* liability absent an underlying constitutional violation. *Pipkins v. City of Hoover, Alabama*, 134 F. 4th 1163, 1173 (11th Cir. 2025).

"Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985). *Tuttle*, then, requires that there must either be a "policy" comprised of more than one instance *or* there is a policy attributed to a municipal policymaker, which may be proved by a single incident. The County argued at length that there is no "policy" created by multiple incidents in its Motion to Dismiss. (Doc. 9 at pp. 15-16). Assuming *arguendo* that the ALAA claim constitutes a single incident, attributed to a final policymaker, Plaintiff fails to allege an *unconstitutional* decision by a final policymaker. *Tuttle* holds that "where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary *in every case* to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy'

and the constitutional deprivation." *Tuttle*, 471 U.S. at 824 (emphasis added). Plaintiff fails to allege any such policy, whether attributed to a final policymaker or not, was unconstitutional.

As Plaintiff has admitted in his Reply, the ALAA is facially constitutional. (Doc. 19 at p. 16, ¶ 38). And Plaintiff has not argued that a governmental entity cannot attempt to recover attorneys' fees and costs under the ALAA when a suit is brought without substantial justification, because Alabama precedent holds the opposite. *See Schweiger v. Town of Hurtsboro*, 68 So. 3d 181 (Ala. Civ. App. 2011).

Now, in order to survive the County's Motion to Dismiss, Plaintiff argues that the use of the ALAA against him is a "facially unconstitutional policy" designed to punish speech. (Doc. 19 at p. 22, ¶51). In doing so, Plaintiff requests that this Court—not the court in which the County claimed a violation of the ALAA—presumptively declare the County's ALAA claim unconstitutional. Such a declaration would usurp the state court's jurisdiction and directly conflict with Alabama precedent regarding a government's use of the ALAA. Further, as explained *infra*, Plaintiff mischaracterizes how and when an ALAA claim can be asserted.

## II. Plaintiff Mischaracterizes the ALAA in Multiple Crucial Instances.

Plaintiff misrepresents application of the ALAA in multiple instances. First, Plaintiff mischaracterizes the purpose of the ALAA itself. Second, Plaintiff completely disregards the appropriate timing of ALAA claims, set forth both in the statute itself and Alabama case law. Third, Plaintiff ignores the plain language of the statute and cries foul because his counsel/wife was also referenced in the County's ALAA claim.

### A. Plaintiff Mischaracterizes the ALAA and the Appropriate Timing to Seek ALAA Relief.

The Alabama Legislature enacted the ALAA in 1987 to deter baseless legal actions, similar to its federal counterpart, Rule 11. *See Pac. Enters. Oil Co. (USA) v. Howell Petroleum Corp.*, 614 So. 2d 409, 416-17 (Ala. 1993). "[A]n award under the ALAA is designed as a sanction to discourage lawsuits that are groundless in law…." *Mahoney v. Loma Alta Prop. Owners Ass'n, Inc.*, 72 So. 3d 649, 655 (Ala. Civ. App. 2011). The ALAA is, by nature, a defense against frivolous litigation—not retaliation against constitutional rights.

Absent from the statute is any requirement that a party notify the offending party that their actions fall within the scope of the ALAA before seeking sanctions. A party may choose to do so—but it is not required to do so. Plaintiff complains that he did not receive a pre-suit communication before the County filed its lone ALAA claim in the underlying Open Meetings Act Suit (Doc. 9 at pp. 17-18) or

10

before referencing the ALAA in its Shelby County State Court Suit Complaint (Doc. 19 at p. 11, ¶ 25).[1] However, by moving for an ALAA fee demand "just nine days after the OMA suit was filed" (Doc. 19 at p. 7 ¶ 16), the County provided Plaintiff ample time to avoid the repercussions of his frivolous suit, as the ALAA provides a 90-day "grace period" that disallows an award of attorneys' fees and costs if the action is dismissed within 90 days after filing. ALA. CODE § 12-19-272(d). If a plaintiff voluntarily dismisses an action that was filed without substantial justification, then a court may not award attorneys' fees and costs under the ALAA. Rather than creating an unconstitutional "sanctions 'albatross,'" early motions alerting a party to ALAA ramifications permit a party to avoid them entirely.

Plaintiff incorrectly alleges that the ALAA is only proper inside a "post-adjudicative framework" "after the parties have been heard and the claims adjudicated…" (Doc. 19 at p. 4, ¶ 8 and p. 9, ¶ 20). Plaintiff's contention that the County's ALAA claim is improper/unconstitutional is based on his take that "[w]hen Shelby County asserted it's ALAA fee counterclaim, no judgment has been entered and no statutory predicate for fee-shifting had arisen." (Doc. 19 at p. 4, ¶ 8). Plaintiff further contends the filing is "statutorily unauthorized in that posture," surmising, incorrectly, that the County's ALAA claim must, then, be

---

[1] The County did, however, mention that Plaintiff's increasingly hostile threats of litigation may necessitate intervention of a court in the future in its cease-and-desist letter. (Doc. 9-1 at p. 24).

retaliatory. (Doc. 19 at p. 8, ¶ 19). Contrary to Plaintiff's assertion, a motion under the ALAA *must* be made during the pendency of the proceedings:

> The plain language of § 12–19–270 states that the court must make its award of attorney's fees under the [ALAA] as part of its judgment on the merits of the case, 'in addition' to other costs assessed against a frivolous litigant. The statute does not create a new or separate cause of action to be brought after a case is litigated and given a final adjudication on its merits; rather, it indicates that *the motion must be made during the pendency of the case*.

*Gonzalez, LLC v. DiVincenti*, 844 So. 2d 1196. 1201 (Ala. 2002) (quoting *Baker v. Williams Bros.*, 601 So. 2d 110, 112 (Ala. Civ. App. 1992) (emphasis added).[2] If the County had moved for fees and costs under the ALAA after a final judgment was entered in the Open Meetings Act Suit, the County's requests for attorneys' fees and costs would have been procedurally improper. *See Wagnon v. Gravelle*, 202 So. 3d 341, 345 (Ala. Civ. App. 2016) (reversing an award under the ALAA because the defendant did not move for attorneys' fees and costs until after the case was dismissed). The County's timing was proper, and due to the expedited nature of Alabama Open Meetings Act proceedings, it was required to preserve its request for attorneys' fees and costs.

---

[2] Although the ALAA does not provide for a separate cause of action that can be brought after a case is litigated and given a final adjudication on the merits, nothing in the ALAA prohibits a party from asserting a claim for fees under the ALAA as a counterclaim during the pendency of a case; counterclaims for violation of the ALAA are common. *See, e.g., Casey v. McConnell*, 975 So. 2d 384, 388-89 (Ala. Civ. App. 2007) (discussing ALAA counterclaim); *Morrow v. Pake*, 263 So. 3d 1054, 1059 n.2 (Ala. Civ. App. 2018) (same); *Klinger v. Ros*, 33 So. 3d 1258, 1260-61 (Ala. Civ. App. 2009) (same), *Keeton v. Kelly Co., LLC*, 47 So. 3d 1262, 1264 (Ala. Civ. App. 2010) (same).

## B. Plaintiff Fails to Recognize the ALAA Explicitly Provides for an Assessment of Attorneys' Fees and Costs Against an Attorney and a Party.

Plaintiff also mischaracterizes the County's request for fees to be assessed against Plaintiff and his counsel as "evidence" of retaliatory intent. Plaintiff argues that "the County's targeting of both Plaintiff and his counsel with an ALAA counterclaim in the OMA action plausibly alleges retaliatory intent and states a claim for First Amendment retaliation under 42 U.S.C. § 1983." (Doc. 9 at p. 19, ¶ 43).

First, Plaintiff's counsel is not a party to this suit and thus has no claim against the County, so Plaintiff has not explained how seeking fees and costs from his attorney is evidence of retaliatory intent. Second, the ALAA expressly allows for the assessment of "reasonable attorneys' fees and costs against any attorney or party, *or both*, who has brought a civil action … that a court determines to be without substantial justification…." ALA. CODE § 12-19-272(a) (emphasis added). The court "shall assess the payment [of attorneys' fees and costs] against the offending attorneys or parties, *or both*, and in its discretion may allocate among them, … and may assess the full amount of any portion thereof to any offending *attorney or party*[.]" ALA. CODE § 12-19-272(b) (emphasis added).

Plaintiff's misrepresentations of the purpose and application of the ALAA illustrate that Plaintiff's claims are meritless. The County moved to seek fees and

13

costs under the ALAA in the manner and at the time it is permitted to do so. What Plaintiff complains of is simply the exercise of a statutory tool provided by the Alabama Legislature to defend against frivolous lawsuits when a party should know their claims are without substantial justification.

## CONCLUSION

WHEREFORE, Shelby County requests this Court grant its Motion to Dismiss all claims. Plaintiff fails to allege a lack of probable cause sufficient to sustain his First Amendment retaliation claim under Section 1983. Plaintiff also fails to allege any unconstitutional policy that resulted in a violation of his constitutional rights, thus Plaintiff's claim under *Monell* is due to be dismissed.

Respectfully submitted,

/s/ Michelle L. Crunk
Stephen E. Whitehead    (ASB-2282-T68S)
Michelle L. Crunk       (ASB-2967-i71C)
Erin B. Sullivan        (ASB-1584-J17G)
*Attorneys for Defendant Shelby County, Alabama*

**OF COUNSEL:**
**LLOYD GRAY WHITEHEAD & MONROE, P.C.**
880 Montclair Road, Suite 100
Birmingham, AL 35213
Telephone: (205) 967-8822
steve@lgwmlaw.com
mcrunk@lgwmlaw.com
esullivan@lgwmlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of January, 2026, I caused the foregoing document to be served upon the below parties via CM/ECF:

Donna J. Beaulieu
Attorney at Law
P.O. Box 357
Saginaw, AL 35137
Telephone: (205) 987-8787
donnabeaulieu@gmail.com

                                              /s/ Michelle L. Crunk
                                              Of Counsel